COMMONWEALTH *vs*. JOHN MEHALES.

Franklin. September 20, 1933. — November 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Attempt to commit Arson. Malice.*

The attempt to set fire to a building, described in § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5, includes an attempt to set fire to a building by or at the instigation of the owner.

The malice essential under said § 5A is not necessarily against the owner of the building, but that malice which characterizes all acts done with an evil disposition, a wrong and unlawful motive or purpose; the wilful doing of an injurious act without lawful excuse.

An indictment under § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5, charging that the defendant in 1932 "did willfully and maliciously attempt to set fire to" a certain building belonging to third persons, which was unoccupied, was tried upon an agreed statement of facts from which it appeared that the defendant made a bargain through the procurement of an owner of the building to burn it for compensation for the purpose of enabling the owner to collect insurance; that pursuant to that arrangement, when it was somewhat dark and after seven o'clock in the evening, he entered the building carrying with him turpentine and gasoline, and, leaving them on the first floor, went upstairs to another room; that there he made a highly inflammable bomb from powder carried with him in a bottle and fuses or wicks and a paper; that he intended to spread the gasoline around the bomb before he set it on fire, and to light it at midnight; that he was arrested about a quarter past eight when he had been in the building less than an hour; and that he had not lighted any match or actually set any fire. The defendant was found guilty. *Held*, that

(1) The provisions of said § 5A make an attempt to set fire to a building by or at the instigation of the owner a crime;

(2) The malice essential under said § 5A was present because the design and intent of the defendant were to set the fire for the purpose of enabling the owner to collect insurance;

(3) The circumstance that reference was made by the owner in conversation with the defendant to getting "money from insurance" was no defence to the indictment under said § 5A, that offence being different from the one described in G. L. (Ter. Ed.) c. 266, § 10, as amended by St. 1932, c. 192, § 7;

(4) The acts of the defendant were within the definition of an attempt in said § 5A.

(5) The conviction was warranted.

INDICTMENT, stated to be under § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5, found and returned on November 16, 1932, and described in the opinion.

In the Superior Court, the defendant waived trial by jury, and the indictment was heard by *T. J. Hammond,* J., upon an agreed statement of facts. The defendant was found guilty and alleged exceptions.

*H. J. Booras,* for the defendant.

*J. T. Bartlett,* District Attorney, for the Commonwealth.

RUGG, C.J. An indictment was presented charging that the defendant on September 20, 1932, at Orange, "did willfully and maliciously attempt to set fire to" a hotel building belonging to third persons. The case was tried before a judge of the Superior Court sitting without a jury upon an agreed statement of facts. Those facts show that the defendant made a bargain through the procurement of an owner of an unoccupied building to burn it for compensation for the purpose of enabling the owners to collect insurance. Pursuant to that arrangement the defendant, when it was somewhat dark and after seven o'clock in the evening, entered the building from a rear window carrying with him two gallons of turpentine and two gallons of gasoline and, leaving them on the first floor, went upstairs to another room. There he made a highly inflammable bomb from powder carried with him in a bottle and fuses or wicks and a paper. He intended to spread the gasoline around the bomb before he set it on fire, and to light it at midnight. He was arrested about a quarter past eight when he had been in the building less than an hour. He had not lighted any match or actually set any fire. The only exception is to the denial of the defendant's motion that as matter of law on these facts he must be found not guilty.

The indictment is founded on § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5. That section is in these words: "Whoever wilfully and maliciously attempts to set fire to, or attempts to burn, or aids, counsels or assists in such an attempt to set fire to or burn, any of the buildings, structures or property mentioned in the foregoing

sections, or whoever commits any act preliminary thereto or in furtherance thereof, shall be punished by imprisonment in a jail or house of correction for not more than two and one half years or by a fine of not more than one thousand dollars.

"The placing or distributing of any flammable, explosive or combustible material or substance or any device in or against any building, structure or property mentioned in the foregoing sections in an arrangement or preparation with intent eventually to wilfully and maliciously set fire to or burn such building, structure or property, or to procure the setting fire to or burning of the same shall, for the purposes of this section, constitute an attempt to burn such building, structure or property." According to the first paragraph of this section, reference must be had to the preceding sections of c. 192 to ascertain a description of the buildings to which the section applies. The buildings enumerated in § 2 of c. 192 include a building such as is described in the indictment and in the agreed statement of facts. In that section there is the significant provision that the buildings thus enumerated comprise those owned by the person or persons who commit the act of burning as well as those owned by others. The same significant provision is in § 1 of c. 192, which relates to the burning of dwelling houses. The buildings of the owner as well as of others are thereby imported into § 5A by reference as buildings upon which attempts to burn may be made. The repetition of those exact words is not necessary to make them a part of that section. Thus the "attempt" described in § 5A includes an attempt to set fire to a building by or at the instigation of the owner.

A highly important change has been wrought in the criminal law touching the burning of buildings by the enactment of St. 1932, c. 192. It is now made a crime for an owner wilfully and maliciously to burn his own building. At common law one could not be guilty of burning his own house. Therefore it was held in *Commonwealth* v. *Makely,* 131 Mass. 421, that one could not be guilty of burning the dwelling house of another upon proof of burn-

ing such dwelling house by the procurement of the owner to enable him to obtain money from insurers. The ground of the decision was that the crime consisted in the wilful and malicious injury to the owner of the building, and that that element could not exist with reference to an act done in carrying out the wishes of the owner for the purpose stated. The force of that reasoning has been extinguished with reference to prosecutions under St. 1932, c. 192, because now by its terms a wilful and malicious burning of a building by the owner is made a crime. The malice now essential under that statute is not necessarily against the owner of the building, but that malice which "characterizes all acts done with an evil disposition, a wrong and unlawful motive or purpose; the wilful doing of an injurious act without lawful excuse." Shaw, C.J., in *Commonwealth* v. *York*, 9 Met. 93, 104. Malice in law is present in the case at bar because the design and intent of the defendant were to set the fire for the purpose of enabling the owner to collect insurance. There was malice in law toward the insurer or insurers. That is enough to constitute the statutory crime. It follows that procurement by an owner of the building to do the acts described is no defence to the defendant for his conduct. There is nothing at variance with this conclusion in *Commonwealth* v. *Cooper*, 264 Mass. 378.

The circumstance that reference was made by the owner in conversation with the defendant to getting "money from the insurance" is no defence to an indictment under § 5A added to G. L. (Ter. Ed.) c. 266, by St. 1932, c. 192, § 5. The offence described in that section is different from the one created by § 7 of c. 192, amending G. L. (Ter. Ed.) c. 266, § 10, with respect to setting fire or attempting to set a fire with the purpose to defraud or injure an insurer, although conceivably it may be supported by the same evidence.

The defendant contends that he could not rightly be found guilty because the agreed facts show that he did not commit an attempt to burn or to set fire to the building. He relies upon the description of "attempt" as explained

in *Commonwealth* v. *Peaslee,* 177 Mass. 267. There is a strong argument that the defendant might have been found guilty even under the limitations of that decision, because he "intended to rely upon his own hands to the end" of setting the fire and he "had a present intent to accomplish the crime without much delay, and to have had this intent at a time and place where he was able to carry it out." It is not necessary, however, to discuss that decision. The second part of § 5A already quoted contains a definition of "attempt" in respect to arson and the related offences there described. According to the agreed facts, the defendant did acts specified in that definition as constituting an attempt. He designed an effective plan and made intelligent preparations with intent to set fire to the building. He had completed the placing of ample combustible material within the building and was engaged in the final distribution of it for the purpose of kindling the blaze. He was interrupted before his preparations were completed and before the time fixed for applying the match had arrived. Nevertheless, an attempt as defined in § 5A had been made. The statute has changed the preëxisting law. The purpose of its plain words is to declare a comprehensive definition of "attempt," broad enough to include such acts as are shown to have been performed by the defendant. That is apparent from a simple reading of its words and an interpretation of them in their ordinary sense. The unmistakable terms of § 5A defining what constitutes an attempt have superseded, with respect to cases coming within their sweep, the narrower conception set forth in *Commonwealth* v. *Peaslee,* 177 Mass. 267, upon which the defendant relies.

*Exceptions overruled.*