COMMONWEALTH *vs.* JAMES BLOOMBERG.

SAME *vs.* JOSEPH HOFFMAN.

Suffolk.     December 5, 1938. — February 7, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Accessory. Arson. Burning Insured Property. Statute,* Repeal. *Pleading, Criminal,* Indictment. *Conspiracy. Practice, Criminal,* Verdict.

St. 1932, c. 192, further amending G. L. c. 266, relating to arson and related offences, was not inconsistent with and did not by implication repeal G. L. (Ter. Ed.) c. 274, § 3, as to the substantive felony of being an accessory before the fact to the crime of arson.

Conviction may be had under G. L. (Ter. Ed.) c. 274, § 3, for being accessory before the fact to a felony created by St. 1932, c. 192, § 1.

An indictment under G. L. (Ter. Ed.) c. 274, § 3, in the form prescribed by c. 277, § 79, charging the defendant with being an accessory before the fact to the crimes described in §§ 1 and 10 of G. L. c. 266, as amended by §§ 1 and 7, respectively, of St. 1932, c. 192, need not aver that the acts of the defendant were wilful and malicious.

A verdict of guilty of the crime of being an accessory before the fact to the burning of a dwelling house was not inconsistent with a verdict of not guilty under an indictment charging that the same defendant conspired with others to burn the house.

Two INDICTMENTS, found and returned on February 16, 1938, the first charging the defendant James Bloomberg in two counts as an accessory to the burning of a dwelling house by Harry Shapiro, Nathan Stein and Joseph Hoffman, and the second charging the defendant Joseph Hoffman in two counts as accessory to such burning by Shapiro and Stein.

The indictments were tried before *Brogna,* J., and the defendants were found guilty. The judge reported the cases to this court.

*H. F. Callahan,* for the defendants.

*W. J. Sullivan,* Assistant District Attorney, for the Commonwealth.

RONAN, J. The defendant Bloomberg was acquitted upon an indictment charging him in the first count with burning a building in violation of G. L. (Ter. Ed.) c. 266, § 1, as amended by St. 1932, c. 192, § 1, and in the second count with burning with intent to defraud the insurers in violation of G. L. (Ter. Ed.) c. 266, § 10, as amended by St. 1932, c. 192, § 7. The defendant Hoffman was acquitted upon a similar indictment. Bloomberg was convicted on an indictment charging him as accessory before the fact, in the first count, to the burning of a building and, in the second count, to the burning of a building with intent to defraud the insurers. Hoffman was also convicted upon an indictment charging him as accessory before the fact, in the first count, to the burning of the same building mentioned in the Bloomberg indictment and, in the second count, to the burning of the said building with intent to defraud the insurers. Both these defendants were acquitted upon an indictment charging them, with others, with a conspiracy to commit the identical felonies for which each has now been convicted as an accessory before the fact. The judge with the consent of the defendants reported the cases to this court, in accordance with G. L. (Ter. Ed.) c. 278, § 30, for

determination of the questions whether the indictments upon which the defendants were convicted set forth any offence and whether the verdicts of guilty as accessories before the fact were inconsistent with the verdicts of not guilty on the indictment charging conspiracy, both verdicts being based upon the same evidence.

The indictments upon which the defendants were found guilty were based upon G. L. (Ter. Ed.) c. 274, § 3, which provides that an accessory before the fact to the commission of a felony may be tried with the principal felon or after his conviction "or may be indicted and convicted of a substantive felony, whether the principal felon has or has not been convicted, or is or is not amenable to justice; and in the last mentioned case may be punished in the same manner as if convicted of being an accessory before the fact." It is the contention of the defendants that an accessory before the fact to the alleged offences can now be indicted, tried and convicted only under St. 1932, c. 192, because, as they urge, the latter enactment purports to cover entirely and completely the punishment for arson and similar offences including the crime of being an accessory before the fact, and that it thereby effects a repeal of the pertinent sections of c. 274, in so far as that chapter applies to the prosecution of such accessories.

St. 1932, c. 192, which is entitled, "An Act relative to arson and certain related offences," provides for the prosecution and punishment of arson and certain related offences. The pertinent portion of the first section reads as follows: "Whoever wilfully and maliciously sets fire to, burns, or causes to be burned, or whoever aids, counsels or procures the burning of, a dwelling house, or a building by the burning whereof a dwelling house is burned, whether such dwelling house or other building is the property of himself or another" shall be punished by imprisonment in the State prison for not more than a certain term of years. The seventh section deals with the offence of setting fire for the purpose of defrauding the insurers and, in so far as now material, employs the same phraseology as to the persons who may be held amenable. Four other sections set forth

different offences concerning the burning of property. Various statutory provisions then existing and contained in G. L. (Ter. Ed.) c. 266 are expressly repealed. This enactment, however, makes no mention of the repeal of any other statutes. The naming of those that were to be superseded is indicative of an intention not to interfere with the operation of other statutes. *Garnett* v. *Bradley*, 3 App. Cas. 944. *Meese* v. *Northern Pacific Railway*, 211 Fed. 254. *People* v. *Henwood*, 123 Mich. 317. *Wrightsman* v. *Gideon*, 296 Mo. 214. *State* v. *DeGraff*, 143 Wash. 326.

It is clear from an inspection of St. 1932, c. 192, that the aim of the Legislature was to facilitate the prosecution by simplifying the definition of certain offences, to create new offences that may be more readily proved than similar but more serious crimes, to eliminate some of the technical attributes with which these crimes had been invested by the common law and to extend criminal liability to owners involved in the burning of their own property for a purpose other than to defraud the insurers. *Commonwealth* v. *Mehales*, 284 Mass. 412. *Commonwealth* v. *Jaffas*, 284 Mass. 417.

As there is no express repeal, it is contended that there is a repeal by implication. Such repeals have never been favored by our law. Unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, then the former is not deemed to have been repealed. *Commonwealth* v. *Flannelly*, 15 Gray, 195. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530. *Cohen* v. *Price*, 273 Mass. 303, 309. *Burick* v. *Boston Elevated Railway*, 293 Mass. 431.

The words "whoever aids, counsels or procures the burning" as contained in St. 1932, c. 192, might be descriptive only of a person who was present aiding and abetting the principal felon in the commission of the crime but who did not actually set the fire. Such a person would not be an accessory before the fact. In order to convict of that offence it is necessary to prove that a defendant incited, counselled or procured another to commit a felony and that at the time of its commission the defendant was absent,

or, if he was present, that he was not then assisting in the perpetration of the crime. *Commonwealth* v. *Merrick*, 255 Mass. 510. *Commonwealth* v. *DiStasio*, 297 Mass. 347. If the statute is so construed as to include only those who are usually deemed principals, then we have the ordinary situation where the principal felon is convicted for a violation of a particular statute and the accessory before the fact is convicted in accordance with the provisions of G. L. (Ter. Ed.) c. 274, § 3, as illustrated by *Commonwealth* v. *Asherowski*, 196 Mass. 342, *Commonwealth* v. *Kaplan*, 238 Mass. 250.

The defendants contend that the statute by virtue of the words "whoever aids, counsels or procures" includes accessories before the fact. See *Commonwealth* v. *Knapp*, 9 Pick. 496, 514. We need not decide this point because, if we assume that the defendants are right, it does not follow that the indictments are void. G. L. (Ter. Ed.) c. 274, § 3, was enacted more than a century ago for the purpose of overriding the common law restriction inhibiting the conviction of an accessory before the fact until after a conviction of the principal felon. Being an accessory before the fact was itself made a substantive felony. It was necessary in proving this new statutory offence to prove the guilt of the principal but it was no longer necessary to show his conviction. The offence of the principal and that of the accessory have become distinct statutory crimes. *Commonwealth* v. *DiStasio*, 297 Mass. 347, 357, and cases cited. The same act may constitute violations of different statutes. *Commonwealth* v. *Fontain*, 127 Mass. 452. *Commonwealth* v. *Hanley*, 140 Mass. 457. Chapter 274, § 3, furnished an alternate method for the prosecution of the accessory, who could be tried with the principal felon, or after his conviction, or tried alone upon the substantive felony created by that statute. Such a statute must be held to be one of general application consistent with the purpose for its enactment and the intent of the Legislature as manifested by its language. Its object was to furnish a method for the prosecution of any accessory before the fact, irrespective of the nature of the principal felony. "Exceptions cannot

readily be read into a statute enacted with that design."
*Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 187, 194. The sweep of § 3 has been defined: "It is undoubtedly specially designed for the case of accessories to felonies before the fact for which no other provision is specifically made; but we see no reason why it is not applicable to all cases within the scope of its terms, when not inconsistent with any other statute." *Commonwealth* v. *Smith*, 11 Allen, 243, 258.

It cannot be assumed that the Legislature intended to repeal this section. To impute such a purpose would be contrary to the legislative intent disclosed by the enactment of St. 1932, c. 192. Section 3 of G. L. (Ter. Ed.) c. 274 does not prescribe any penalty different from that provided for in said c. 192. The former is supplementary to the latter. We discover no inconsistencies between them. Both must be construed as parts of a single harmonious statutory system designed for the efficient administration of our criminal law. *Commonwealth* v. *Smith*, 11 Allen, 243. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82. *Hite* v. *Hite*, 301 Mass. 294.

There is nothing in the contention that St. 1932, c. 192, completely covers the prosecution of those involved in the commission of the offences therein created. No provision is made in this chapter for the conviction of accessories after the fact. It would be unreasonable to impute a deliberate purpose upon the part of the Legislature to grant them immunity. Such an omission, we think, is strong evidence that accessories both before and after the fact were to be punished in accordance with the appropriate sections of said c. 274.

The defendants direct attention to the fact that Bloomberg was the owner of the building that was burned, and argue that therefore no prosecution unless authorized by St. 1932, c. 192, could be had against him. The defendants misconceive the relationship between c. 192 and § 3 of G. L. (Ter. Ed.) c. 274. It is true, as pointed out in *Commonwealth* v. *Mehales*, 284 Mass. 412, that c. 192 has for the first time made it a crime for one wilfully and maliciously

to burn his own building for a purpose other than to defraud the insurer, but, such a felony having been created, an accessory before the fact to its commission comes within the sweep of § 3 and may be prosecuted thereunder. Section 3 cannot be confined to the prosecution of accessories to only such felonies as were established at the time of its enactment. It is an integral part of an existing system designed to punish all accessories to all felonies, including those created subsequently to the passage of § 3. *Johnson v. Mayor of Quincy*, 198 Mass. 411. *Egan v. Mayor of Boston*, 298 Mass. 448. St. 1932, c. 192, has not repealed nor restricted G. L. (Ter. Ed.) c. 274, § 3.

The indictments charged the principals with wilfully and maliciously setting the fire and alleged that the defendants "did incite, procure, aid, counsel, hire and command" the principals to commit the felony. The defendants urge that the indictments set forth no offence because they failed to allege that the actions of the accessories were wilful and malicious. To constitute the offence the burning by the principal must be wilful and malicious. *Commonwealth v. Cooper*, 264 Mass. 378. *Commonwealth v. Mehales*, 284 Mass. 412. Indictments against the accessory before the fact, based on G. L. (Ter. Ed.) c. 274, § 3, need not so characterize the action of the accessory, and, if in the form prescribed by the statute, are expressly deemed to be sufficient. G. L. (Ter. Ed.) c. 277, § 79. It is within the competency of the General Court to establish forms of criminal pleading and to provide that they shall be conceded sufficient and valid. *Commonwealth v. Snell*, 189 Mass. 12. *Commonwealth v. Jordan*, 207 Mass. 259.

The defendants were acquitted upon an indictment charging them with a conspiracy with others to commit the offences for which they were convicted as accessories. The gist of the conspiracy charged was an agreement between the persons named to accomplish the commission of specified crimes. The making of an agreement between the principal felon and the accessory before the fact would be competent to show the relations between them. The proof of an agreement, however, is neither essential nor necessary.

One becomes an accessory before the fact by the commission of a felony by another whom he has urged to commit it. The evidence has not been reported and it may have shown that each defendant, acting independently of the other, incited the principal to set the fire. Evidence that a defendant has conspired to set a fire does not create "a legal presumption, that the prisoner aided in the actual perpetration of the crime unless he can show the contrary to the jury. The fact of the conspiracy being proved against the prisoner, is to be weighed as evidence in the case having a tendency to prove that the prisoner aided, but it is not *in itself* to be taken as a legal presumption of his having aided unless disproved by him. It is a question of evidence for the consideration of the jury." *Commonwealth* v. *Knapp*, 9 Pick. 496, 518, 519. It has been said that the fact that an accessory might be convicted of conspiracy was immaterial. *Commonwealth* v. *DiStasio*, 297 Mass. 347, 360. It therefore cannot be held that a conspirator is as matter of law an aider or abettor in the perpetration of the crimes whose commission he has agreed with others to accomplish. It was within the province of the jury to acquit one as a conspirator and to convict him as an accessory before the fact. The offences were not the same, and the verdicts were not inconsistent. *Commonwealth* v. *Bubser*, 14 Gray, 83. *Commonwealth* v. *Donovan*, 170 Mass. 228. *Commonwealth* v. *Baldwin*, 213 Mass. 238. *Commonwealth* v. *Dow*, 217 Mass. 473. *Commonwealth* v. *Haddad*, 250 Mass. 391. The jury could apply the evidence to the indictments charging the defendants with being accessories before the fact and return a verdict of not guilty upon the indictment for conspiracy. The defendants were not wronged by the action of the jury. *Commonwealth* v. *Edds*, 14 Gray, 406. *Commonwealth* v. *Lowrey*, 158 Mass. 18. *Commonwealth* v. *Walsh*, 255 Mass. 317.

*Judgment on the verdicts.*