477 P.2d 267

**STATE of Arizona, Appellee,**

v.

**Orville MOONEY, Appellant.**

**No. 2 CA–CR 239.**

Court of Appeals of Arizona,
Division 2.

Dec. 3, 1970.

Gary K. Nelson, Atty. Gen., by Jacob Leon Siken, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, by Michael Callahan, Deputy Pima County Public Defender, Tucson, for appellant.

HATHAWAY, Judge.

The appellant was charged, tried to a jury, and convicted of petty theft, a misdemeanor, and burglary of unspecified degree, a felony.

On June 23, 1970, he was sentenced to serve a term in the Arizona State Prison of not less than three years nor more than four years on the burglary charge and to time served in jail on the petty theft charge.

The Pima County Public Defender was appointed to represent the appellant for purposes of prosecuting this appeal. The Public Defender has filed a motion for permission to withdraw as counsel in which he states that he has reviewed the transcript of record and finds no substantial error. He requests this court to review the record for fundamental error and also requests that appellant be given an opportunity to submit briefs on his own behalf. Accordingly, we granted appellant 20 days to file an additional brief on his own behalf, but he has not done so. With the filing of the motion to withdraw, counsel also delivered to the appellant a copy of the transcripts and other matters of record on appeal in addition to a copy of a brief prepared by the Public Defender in compliance

**394**

with Anders v. State of California, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), referring to "anything in the record which might arguably support the appeal."

On the morning of April 19, 1970, Mooney entered Tucson Fire Department main station at South Sixth Avenue and asked several firemen for money and was refused. In the afternoon of that same day, Mooney was again observed in the vicinity of the fire station, this time walking away, carrying a toolbox under his arm. A fireman who saw Mooney, checked and found that the station's toolbox was missing, so he followed Mooney, apprehended him and escorted him back to the fire station.

Shortly thereafter, a police officer arrived advised Mooney of his constitutional rights and placed him under arrest. Mooney admitted that he took the toolbox from inside the station. He told the police officer that "he wanted to get hold of something he could get money for." The officer testified that Mooney had been drinking but that in the officer's opinion he was not intoxicated.

The following arguable questions are presented in the appellant's brief:

"1. Did the trial court err in denying appellant's motion for a directed verdict?

2. Did the trial court err in allowing the jury to consider appellant's admissions?

3. Did the trial court comment on the evidence in giving State's instruction number 17?"

■ Counsel for appellant argues that there was no evidence to establish that the defendant entered the fire station with the intent to commit a theft or a felony, contending that possession of recently stolen property standing alone is insufficient to support a conviction of burglary. State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967). It is admitted, however, that possession of recently stolen goods may be considered a circumstance bearing on guilt or innocence of burglary. State v. Andrade, 83 Ariz.

356, 321 P.2d 1021 (1958); Allen v. State, 26 Ariz. 317, 225 P. 332 (1924).

Viewing the evidence most favorably to upholding the verdict, State v. Turner, 101 Ariz. 85, 416 P.2d 409 (1966), it would appear that the evidence amply supports a showing of the requisite intent. The defendant had previously attempted to obtain money from the firemen by asking. At that time he was in a position to observe the toolbox within the premises. When he returned, it was admittedly for the purpose of obtaining something of value so that he could get money to purchase a bottle and find a place to sleep. We are satisfied that the record contains substantial evidence demonstrating burglarious intent.

■ Counsel for appellant next contends that the evidence is uncontradicted that the appellant had been drinking, and, "if it was shown that the defendant was so intoxicated as to have been unable to comprehend such advice [advising of his constitutional rights by the arresting officer], the waiver of his rights could not be deemed voluntary and knowledgeable." This is a proposition which we think no one would dispute. State v. Clark, 102 Ariz. 550, 434 P.2d 636 (1967). However, to reach such a conclusion, we would have to view the evidence *most favorably to reversal*, which we will not do. The evidence given by the arresting officer was to the effect that the defendant had been drinking but was not intoxicated. Although the defendant's version is to the contrary, we must accept the officer's testimony as did the jury.

■ On the final question, counsel for appellant contends that the trial court commented upon the evidence and therefore committed reversible error in giving State's instruction number 17:

"A theft is at least a circumstance to be considered with all of the other evidence in the case to determine whether or not at the time of entering the building the Defendant already harbored the intent to steal."

It is contended that this instruction indicated that the court felt that a theft had

taken place and thus was erroneously given. Reid v. Topper, 32 Ariz. 381, 259 P. 397 (1927).

In the *Reid* case, the instruction clearly included comments on the evidence which are forbidden. Such is not the situation in the instruction complained of here. The court does not indicate one way or the other concerning whether a theft was actually committed. The jury is simply instructed that they may consider a theft in connection with all the other evidence. In *Reid* the instruction included the following clear comment:

"* * * but I call your attention to the fact that the evidence from both parties indicates that both the parties to this alleged settlement, prior to the settlement, owned an interest, some sort of an interest, in the well." 32 Ariz. at 390, 259 P. at 401.

We have reviewed the record searching for fundamental error and find none. The judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.