522 P.2d 23

**STATE of Arizona, Appellee,**

v.

**William Lavern MILLER, Appellant.**

**No. 2812.**

Supreme Court of Arizona,
In Banc.

May 15, 1974.

Rehearing Denied June 18, 1974.

Gary K. Nelson, Atty. Gen., Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, Ed P. Bolding, Former Pima County Public Defender, Frederick S. Klein, Lindsay Brew, Asst. Public Defenders, Tuscon, for appellant.

LOCKWOOD, Justice:

Appellant, William L. Miller, appeals from a judgment of guilt for the crime of second degree murder entered by the court sitting without a jury. Appellant was sentenced to the Arizona State Prison for a term of not less than thirty nor more than fifty years.

The relevant facts taken from the record reveal that on Saturday, December 2, 1972, Ann Marie Ivins died as a result of blows to her body. The decedent was the two year old daughter of the woman with whom the appellant lived. On that date the police questioned the appellant who had been taking care of the decedent while her mother was hospitalized. He stated that the decedent had fallen off a swing set. On the following day the appellant related his story a second time. That time the appellant was given his Miranda warnings prior to being questioned and his story was tape recorded.

Appellant was again questioned by officers on December 7, 1972. He was asked to explain the numerous bruises on the body of the decedent and the other children in the appellant's care. The investigating of-

ficers then contacted the County Attorney's Office and the decision to arrest the appellant on an open charge of murder was made. One-half hour later at approximately 2:20 p. m. the appellant was arrested.

Appellant was then taken to the police station in the car of the investigating officers. On the way to the station he was given his Miranda warnings. The trip to the station took approximately fifteen to twenty minutes. After being fingerprinted and photographed at the station, the appellant was interrogated. Approximately one hour later the appellant admitted that he had hit the decedent with his fists. The entire interrogation was secretly monitored and recorded without his knowledge. At 3:45 p. m. the police made a tape recording of his statement with his permission. Prior to taking his statement the police once again advised him of his rights. These warnings appear at the beginning of the taped statement.

In his appeal the appellant challenges the admission of his confession over his objection on the grounds that he had not been properly advised of his rights as required by Miranda. It is his contention that the police should have renewed the Miranda warnings before interrogating him at the station house because of the changes in circumstances between the time he was first arrested and the start of the interrogation.

This court had repeatedly held that once a defendant has been fully and fairly appraised of his rights, there is no requirement that the warnings be repeated each time the questioning is commenced. State v. Dixon, 107 Ariz. 415, 489 P.2d 225 (1971); State v. Quinones, 105 Ariz. 380, 465 P.2d 360 (1970); State v. Jennings, 104 Ariz. 6, 448 P.2d 62 (1968). Here the appellant had been properly advised of his rights on two occasions: first when he was questioned four days before he was arrested, and next on the way to the police station after he was arrested. There is nothing in the record which supports the appellant's claim that the circumstances

had changed between the time of arrest and interrogation which would require the renewal of the warnings.

Appellant's next contention is that even if he were properly given the Miranda warnings, the confession was involuntary and thus improperly admitted into evidence. In Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the Supreme Court discussed the criteria by which the voluntariness of a confession should be judged. The Court said:

"In determining whether a defendant's will was overborne in a particular case, the Court has assessed the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation. Some of the factors taken into account have included the youth of the accused, e. g., Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L. Ed. 224; his lack of education, e. g., Payne v. Arkansas, 356 U.S. 560, 78 S. Ct. 844, 2 L.Ed.2d 975; or his low intelligence, e. g., Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246; the lack of any advice to the accused of his constitutional rights, e. g., Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895; the length of detention, e. g., Chambers v. Florida, supra; the repeated and prolonged nature of the questioning, e. g., Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192; and the use of physical punishment such as the deprivation of food or sleep, e. g., Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 [footnote omitted]. In all of these cases, the Court determined the factual circumstances surrounding the confession, assessed the psychological impact on the accused, and evaluated the legal significance of how the accused reacted. Culombe v. Connecticut, supra, 367 U.S., at 603, 81 S.Ct., at 1879.

"The significant fact about all of these decisions is that none of them turned on the presence or absence of a single con-

trolling criterion; each reflected a careful scrutiny of all the surrounding circumstances. * * *." 412 U.S. at 226, 93 S.Ct. at 2047, 36 L.Ed.2d at 862.

In balancing each of the factors which comprise the surrounding circumstances, we note that the appellant had been advised of his rights on two occasions prior to the interrogation at the police station. He indicated that he understood them and wished to waive them. There is no evidence of physical coercion or duress. The total length of detention time from the time he was arrested until he confessed was under two hours. The appellant was twenty-three years old at the time.

 The record reveals the appellant had dropped out of school after completing the eighth grade. However there is no evidence that he lacked sufficient intelligence to understand the substance of his Miranda rights. The record indicates the interrogating officers implied that he would receive psychiatric help if he cooperated with the police but there were no specific promises or offers. Taking into account the totality of the circumstances presented by the record, we conclude that the evidence clearly establishes that the confession was voluntary.

It is also appellant's contention that there was insufficient evidence on which the court could have based the finding of malice necessary in order to convict him of second degree murder. He argues that the evidence was sufficient to reduce the grade of offense from second degree murder to manslaughter. In State v. Drury, 110 Ariz. 447, 520 P.2d 495 (1974), it was held that malice could be inferred from the severity of the beating given the victim and the vast age disparity between the victim and the assailant. In that case we held that even though the facts could support an instruction on manslaughter if the case had been tried before a jury, there is no necessity that the court or a jury find the lesser grade of offense.

In the instant case the facts show the appellant who was a marine for five years, pummeled the twenty-seven pound two year old victim with his fists on at least three occasions. He punched the child with his closed fists at least sixteen and as many as fifty times during the two beatings she received just prior to her death. Accordingly we hold there was ample evidence from which the trial court could find the malice essential to convict the appellant of second degree murder.

It is also argued that the sentence was excessive and therefore an abuse of the trial court's discretion. He urges us to exercise our power under A.R.S. § 13–1717 and reduce his sentence. His basis for his request is the fact that he was a first time offender. There is no requirement that a first offender be given a minimum sentence. State v. Killian, 91 Ariz. 140, 370 P.2d 287 (1962). Under the circumstances of the case and the baseness of the crime, the sentence was not excessive nor an abuse of discretion.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and HOLOHAN, JJ., concur.