531 P.2d 1142

STATE of Arizona, Appellee,

v.

Ronald Duane HUMPHREY, Appellant.

No. I CA–CR 753.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 27, 1975.

Bruce E. Babbitt, Atty. Gen. by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by John Foreman, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

Two questions are presented for resolution in this appeal:

(1) Whether statements made by the appellant should have been excluded at the trial; and

(2) Whether the evidence presented supports a conviction for voluntary manslaughter.

The facts necessary to this appeal are as follows. On the night of January 7, 1973, the appellant and his wife had been drinking with some friends. After taking his wife home, the appellant returned to a bar where they had been earlier in the evening and picked up the victim. The appellant testified that he and the victim were taking a ride when she began to commit various sexual acts with him. He contends that while they were parked on a deserted road the victim fell out of the car and he was then unable to get her back inside. The evidence produced at the autopsy contradicts this testimony as it showed that the victim died from smothering and had no bruises which would substantiate such a fall.

Following a trial to the court, the appellant was adjudged guilty of voluntary manslaughter. He was found competent to be sentenced and was sentenced to 4–7 years in prison. The appellant appeals from the judgment and the sentence entered against him.

The appellant first contends that statements made by him at the police department on the night of the offense should not have been admitted as the State did not demonstrate that he voluntarily waived his right to remain silent.

Before a statement can be held admissible, the State must establish, by a preponderance of the evidence, that the statement given was voluntary. United States v. Watson, 469 F.2d 362 (5th Cir. 1972). For a statement to be voluntary, a defendant must be made aware of his rights and intelligently and knowingly waive them. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In determining whether the State has established admissibility, the totality of the circumstances surrounding the waiver must be examined. In deciding this, we must accept the factual determinations and credibility choices made by the trial judge if they are supported by substantial evidence. State v. Mumbaugh, 107 Ariz. 589, 597, 491 P.2d 443, 451 (1971).

The facts disclose that after the death occurred, the appellant and his wife lead the police to the scene. At that point, the appellant was briefly questioned by an officer in the front seat of a police vehicle. He had been advised of his Miranda rights and indicated that he would answer questions. He was later transported to the station by the police where he was questioned without again being advised of his rights. The appellant contends that his waiver of his right to remain silent was vitiated by the totality of the circumstances on the night of the incident as he was intoxicated, young (23), uneducated (8th grade education), of low intelligence, without advice of counsel, and in a custodial setting at the time of this questioning.

Initially, it must be noted that as the appellant was advised of his rights at the scene, there was no need for the officer to repeat the warnings before questioning him at the station. State v. Miller, 110 Ariz. 597, 598, 522 P.2d 23, 24 (1974). The evidence on the record is conflicting as to the level of the appellant's intoxication at the time of this in-custody questioning. The appellant presented evidence that he was quite drunk at the time; however, the questioning officer testified that he could smell alcohol, but that the appellant

**206**

did not stagger, have slurred speech, or talk irrationally. The evidence does not support a finding that the appellant was intoxicated to such an extent that he was unable to understand the substance of the Miranda warnings and the import of his statements. State v. Clark, 110 Ariz. 242, 244, 517 P.2d 1238, 1240 (1974); State v. Clark, 102 Ariz. 550, 553, 434 P.2d 636, 639 (1967). The fact that the appellant was able to understand his rights despite his intoxication is evidenced by his ability to drive back to the bar to tell the victim's uncle that he had taken her to another bar when in fact she was dead on a deserted road, to drive home to get his wife, to manufacture a complicated story which he and his wife would tell to the police as to what happened that night, and then to lead the police back to the scene.

The record does reveal that the appellant had only completed the eighth grade and was but 23 years old, but there is no showing that his intelligence was so low as to affect his ability to understand what he was doing. 110 Ariz. 597, 599, 522 P.2d 23, 25. Looking at the totality of the circumstances as presented on the record, we conclude that the State has established by a preponderance of the evidence that the appellant's statements on the night of the incident were voluntary and that his waiver of his right to remain silent was valid.

Two days later, on January 9, officers served the appellant with a search warrant and took him and his wife to the station for questioning. There he was advised of his Miranda rights and held from 8:30 a. m. to 2:00 p. m. before being permitted to leave. The appellant contends that the statements made at this time are inadmissible because of the length of the detention, the repeated and prolonged questioning, the physical abuse, and the threats and coercion imposed by the police. The record in this regard reveals that the appellant did not have breakfast before the police arrived but that he never complained of being hungry and was offered coffee at various times during the course of the

questioning. The testimony of the police officers is that the questioning was not continuous as suggested by the appellant but was intermittent with frequent breaks. Also, the alleged threats by the police were flatly denied. As it was within the trial judge's province to make the factual determinations and credibility choices which we find supported in the record, his ruling that these statements were not coerced but voluntary is upheld. State v. Robinson, 9 Ariz.App. 379, 381, 452 P.2d 706, 708 (1969).

The second issue on this appeal is whether the evidence supports the appellant's conviction for voluntary manslaughter.

A sudden quarrel or a killing in the heat of passion is a prerequisite to voluntary manslaughter. A.R.S. § 13–456(A)(1) (Supp.1973). The appellant asserts that there is insubstantial evidence of either prerequisite to support the verdict. The appellant further argues that this is a classic example of involuntary manslaughter as the killing occurred in the commission of their lawful sexual acts. A.R.S. § 13–456(A)(2) (Supp.1973).

However, the evidence shows that during these "lawful sexual acts" the victim cried out in pain and the appellant endeavored to quiet her. In attempting to stifle her cries, he smothered her. The act of cutting off the victim's airflow is the act which killed her and it is apparent from the facts that this act was precipitated by the excitement and nervousness of the appellant at that moment. This excitement and nervousness was of such a degree that it would cause an ordinary man to act on impulse as the appellant did and constitutes the heat of passion underlying the verdict of voluntary manslaughter. People v. Lopez, 205 Cal.App.2d 807, 814, 23 Cal.Rptr. 532, 537 (1962).

For the foregoing reasons, the decision of the Superior Court is affirmed.

HAIRE, C. J., and EUBANK, J., concur.