560 P.2d 417

**STATE of Arizona, Appellee,**

v.

**Gilbert Hernandez CABRERA, Appellant.**

No. 3495.

Supreme Court of Arizona,
In Banc.

Feb. 2, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen III, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Gilbert Hernandez Cabrera, was convicted of second-degree burglary and placed on probation for five years. A timely notice of appeal was filed and we acquired jurisdiction pursuant to Rule 47(e)(5) of the Arizona Rules of the Supreme Court, 17A A.R.S.

The following issues have been presented:
1. Whether there was sufficient evidence to support the finding of guilt;
2. Whether the court erred in permitting appellant's statements to be used against him at trial; and
3. Whether the state's failure to disclose certain evidence denied the appellant the right to a fair trial.

The case was tried to the superior court, a jury having been waived. The trial court found appellant guilty as charged. Appellant challenges the sufficiency of the evidence to show that he entered a fenced or otherwise enclosed commercial yard with intent to steal. He argues that there was no evidence of forced entry; hence there can be no inference that his presence was for the purpose of stealing. He points out that walking into an unlocked building cannot generate an inference of intent to steal. *State v. Rood,* 11 Ariz.App. 102, 462 P.2d 399 (1969).

The evidence at trial, without reference to appellant's admissions, disclosed that the appellant with two others was found on the premises of a used auto parts

company at a time when the business was closed to the public and the several gates on the premises were locked. Appellant and his companions had the hood up on one of the automobiles on the premises, and they were occupied using tools in their efforts on the automobile's engine section. When the group became aware of the presence of the owners, the appellant and his companions began to run. From the circumstances shown by the evidence there was ample evidence to support the conclusion that appellant had entered the premises to steal.

■■ Appellant contends that there was insufficient evidence to show that the premises were fenced or enclosed. The owner of the premises described them and drew a diagram for the court. The diagram used at trial was not introduced in evidence. The fact that the diagram was neither marked for identification nor introduced into evidence is not fatal to establishing the fact that the junkyard was enclosed since the purpose of the drawing was to illustrate the relative location of objects. Simply, the diagram was the testimony of the witness in graphic form used to aid the fact finders in understanding the testimony. *Crocker v. Lee,* 261 Ala. 439, 74 So.2d 429 (1954); *see* 9 A.L.R.2d 1044. Apart from the "here" and "there" references to the diagram, we also note that in response to the question of how the yard is enclosed, the auto parts owner testified that it was "a fenced area" bounded by solid tin and cyclone fences, and that the only means of entry were through various gates. The owner further testified that he and his brother spotted the appellant and his two companions "in the yard." We hold that the record contains sufficient evidence that the wrecking yard was surrounded by fence so as to constitute an "enclosure" within the meaning of the statute, and that the appellant was inside the enclosed commercial yard.

The appellant made several incriminating admissions. In a voluntariness hearing the matter of the admissions to law enforcement officers was heard. During the course of that hearing the circumstances of an admission made to the owner of the premises was also shown. Appellant argued to the trial court that the admissions to the police officers should not be admissible, but he did not argue that the statement made to the owner of the premises should also not be admissible. The trial court ruled that the statements to the police officers were voluntarily made. There was no objection to the statement made to the owner of the premises.

At trial only two of appellant's statements were introduced in evidence: the statement to the owner of the premises and the statement to one of the police officers.

The owners of the premises had apprehended appellant and his companions, held them at gunpoint and made them lie face down until the police arrived. In capturing appellant one of the owners had fired a shot at him, and, after appellant stopped, one of the owners struck him with the butt of his gun. It was with such a background that the appellant was questioned by one of the owners, and appellant answered the questions.

■■ When police officers arrived, they had appellant and his companions rise from the floor, and got them off the premises. Officer Eckert placed appellant in the police car, advised him of his constitutional rights, and appellant agreed to answer the officers' questions. In considering the admissibility of such a statement we look to all the circumstances. *State v. Miller,* 110 Ariz. 597, 522 P.2d 23 (1974), *cert. denied,* 419 U.S. 1004, 95 S.Ct. 325, 42 L.Ed.2d 281 (1974). The trial court held the statement given to Officer Eckert was admissible. We find no error in this ruling.

The circumstances support the conclusion that the officers actually removed appellant from the scene of coercion. It is noteworthy that the appellant has never claimed in any hearing that he was in fear when he spoke to Officer Eckert.

In his statement to Officer Eckert, appellant stated that he and his companions had entered the premises through a hole in the fence, and they were intending to steal a

manifold from one of the vehicles in the yard.

The statement to the owners of the premises is now attacked on appeal as involuntary and made to one acting for the state. Appellant points out that the presentence report contains the results of the interview by the probation officer with one of the so-called victims. In the interview the victim stated that after capturing appellant, the victim called a friend in the county attorney's office for advice. The victim relates that he was advised to get all the information he could because the police might not be able to question them. Appellant now argues that this material should have been made known to him prior to trial. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

This issue was never presented to the trial court, and no hearing has ever been held to determine the full facts. There are not sufficient facts for meaningful appellate review. Rule 32, Rules of Criminal Procedure, 17 A.R.S., provides a remedy for matters which do not have sufficient record to provide appellate review. *State v. Bell,* 23 Ariz.App. 169, 531 P.2d 545 (1975).

We believe that the above issue need not be resolved in any event because the statement made to the owners of the *parts* company should not have been received in evidence. While a private individual in taking a statement from a suspect does not have to give him the Miranda warnings, the statement must be found to be voluntary before it is admissible. 22A C.J.S. *Criminal Law* § 732. Voluntary as used in this context means free from force and coercion. Under the circumstances shown by the evidence we conclude that the appellant's statement to the owners of the premises was not voluntary. It, therefore, should not have been received in evidence.

Any error in receiving the statement to the owners of the premises was harmless. The evidence, without the statement, was overwhelming. Appellant was caught in the act of committing the crime charged, and the admissible evidence established that guilt to such a degree that we can say the error in admitting the involuntary statement was harmless beyond a reasonable doubt. *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *People v. Parham,* 33 Cal.Rptr. 497, 384 P.2d 1001 (1963).

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.