600 P.2d 1123

**The STATE of Arizona, Appellee,**

v.

**George Edward MILLER, Appellant.**

**No. 2 CA–CR 1753.**

Court of Appeals of Arizona, Division 2.

July 20, 1979.

Rehearing Denied Sept. 5, 1979.

Review Denied Oct. 2, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted by a jury of fourth-degree arson, A.R.S. Sec. 13-234, and was placed on probation for a period of two years. He contends that the trial court erred in granting the state's motion in limine, refusing certain instructions and admitting into evidence a spontaneous statement uttered by him on the way to the police station.

Resolution of the questions presented for review depends upon the answers to two questions. (1) Is fourth-degree arson a specific intent crime? (2) Is a spontaneous statement by a person too intoxicated to waive his *Miranda* rights admissible into evidence?

In the early morning hours of September 18, 1978, Wanda Wong heard noises from a nearby Taco Bell Restaurant. Looking out the window of her home, she noticed that two lanterns on the side of the Taco Bell had been pulled down. When she heard the sound of a trash can being dragged, she called the police to report the incident. Returning to the window, she observed an older model pickup truck backing up towards the rear of the Taco Bell and stopping near an enclosure. The enclosure, three brick walls with the gate on the fourth side, contained a liquid propane fuel tank. A man got out of the truck and sat on top of the brick wall. She saw him then climb down into the enclosure and shortly thereafter climb back out as flames shot up over the wall. Miss Wong called the fire department and a few minutes later called the police to describe the suspect's truck.

A Tucson police officer discovered appellant slumped over the steering wheel of his pickup truck approximately five blocks from the Taco Bell. A half empty bottle of beer was between appellant's legs. The officer shook appellant several times to awaken him. Appellant was arrested for arson and for driving while intoxicated.

In the meantime, the Tucson Fire Department extinguished the blaze in the enclosure behind the Taco Bell. The burned and

melted remains of a plastic trash can were found around and on top of the propane tank. Further facts will be set forth as they pertain to the questions presented for review.

Prior to trial, the prosecution made a motion in limine to preclude the use of intoxication as a defense, arguing that, since arson was a general intent crime, the defense of intoxication was not available. It was defense counsel's position that A.R.S. Sec. 13–234 was a specific intent crime and therefore the defense was available. Defense counsel was correct.

A.R.S. Sec. 13–234 states:

"A. A person who wilfully and maliciously *attempts to set fire* to or *attempts to burn or to aid, counsel or procure the burning of buildings* or property mentioned in §§ 13–231, 13–232 and 13–233, or who commits any act preliminary thereto or in furtherance thereof, is guilty of arson in the fourth degree, and shall be punished by imprisonment in the state prison for not less than one nor more than two years, or by a fine not exceeding one thousand dollars.

B. The placing or distributing of flammable, explosive or combustible material or substance, or any device in any building or property mentioned in §§ 13–231, 13–232 and 13–233 in an arrangement or preparation *with intent to eventually wilfully and maliciously set fire to or burn such building or property*, or to procure the setting fire to or burning of such building or property, shall, for the purposes of this article, constitute an attempt to burn such building or property." (Emphasis added)

■ There is no doubt in Arizona that voluntary intoxication is a defense to a specific intent crime. *State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974). The state argues that since arson is a general intent crime, *State v. Scott*, 118 Ariz. 383, 576 P.2d 1383 (App.1978), attempted arson under A.R.S. Sec. 13–234 must also be a general intent crime. We do not agree. This argument fails to recognize the distinction between an attempt and the substantive crime, ignores the wording of A.R.S. Sec. 13–234 and also ignores Arizona cases dealing with elements of attempt.

■ In order to sustain a conviction for attempt there must be proof of a specific intent on the defendant's part to commit the substantive crime. *State v. Savchick*, 116 Ariz. 278, 569 P.2d 220 (1977). As did the statute involved in *Savchick*, A.R.S. Sec. 13–234 imposes criminal liability for attempt. In *State v. O'Farrell*, 355 A.2d 396 (Me.1976), which involved a statute similar to ours, the court stated that although the completed crime of arson is a crime that does not require specific intent the crime of attempt under the statute requires a specific intent to commit the completed crime. See also *Commonwealth v. Mehales*, 284 Mass. 412, 188 N.E. 261 (1933); 6A C.J.S. Arson § 20 (1975); and see, 2 California Jury Instructions, Criminal 358 (4th ed. 1979) wherein the committee lists the intent required for conviction under a statute such as ours to be the specific intent to burn the building.

Furthermore, A.R.S. Sec. 13–234(B) contains a definition of "attempt" in relation to the arson which is defined in A.R.S. Secs. 13–231, 232 and 233. As can be seen, it requires certain acts to be committed with the "intent to eventually wilfully and maliciously set fire to or burn such building or property," a specific intent. The trial court erred in granting the motion in limine and in refusing appellant an instruction as to the effect of voluntary intoxication upon the intent required by the crime.

After appellant was arrested, he was given his *Miranda* rights at the scene. He was described by the officer who arrested him as being "moderately intoxicated". Appellant's own testimony would indicate that he was more than moderately intoxicated. In any event, he told the arresting officer that he had been to the Taco Bell earlier in the evening and had an argument with his girlfriend. He also said that he started the fire in a plastic garbage can and threw it over into what he thought was a trash bin. Later on, while appellant was being transported to the police station, he asked the officer

**494**

who was driving what he was under arrest for. The officer told him he had been arrested for arson. Appellant then said, "All I did was set a trash can on fire."

The trial court suppressed the statements appellant made at the scene of his arrest, stating:

". . . Where the record indicates that [appellant] was passed out over the wheel of his truck in the middle of the road, where the state's witnesses testified he appeared intoxicated, there was a strong odor of alcohol, that his eyes were bloodshot, that his speech was somewhat slurred, where he was arrested for driving while intoxicated, where the blood alcohol was .17 when taken, that when he went into a bar he was refused to be served, I just can't make out a finding of voluntariness."

However, the trial court did allow the state to introduce into evidence appellant's statement made on the way to the police station. Appellant contends that this ruling is inconsistent and that the volunteered statement should not have been admitted into evidence. We do not agree.

 When an individual volunteers a self-incriminating statement it is admissible in evidence against him. *State v. Landrum*, 112 Ariz. 555, 544 P.2d 664 (1976). If it is shown that he was intoxicated to such an extent that he was unable to understand the meaning of his statement, then it is inadmissible. *State v. Clark*, 102 Ariz. 550, 434 P.2d 636 (1967). In other words, even though he is intoxicated his statement is admissible if it is shown that he had sufficient mental capacity to understand what he was saying.

For a statement to be voluntary under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it must be shown that the defendant was aware of his rights and intelligently and knowingly waived them. *State v. Humphrey*, 23 Ariz. App. 204, 531 P.2d 1142 (1975). At the very least he must be able to understand the arresting officer's advice as to those rights. *State v. Mooney*, 13 Ariz.App. 393, 477 P.2d 267 (1970). There is a difference between

the predicate for admissibility under *State v. Clark*, supra, and under *Miranda v. Arizona*, supra. The trial court here could very well have come to the conclusion that appellant, though unable to intelligently and knowingly waive his constitutional rights, understood the meaning of his statement. The statement which he volunteered appears to be appropriate in context to what he was told by the officer and accurate in its description as to how the fire started. It shows that he understood what he was saying.

Reversed and remanded for new trial.

RICHMOND, C. J., and HATHAWAY, J., concur.