NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

EGNACIO EDWARD GOMEZ, *Appellant*.

No. 1 CA-CR 13-0881

FILED 07-17-2014

---

Appeal from the Superior Court in Mohave County
No. S8015CR201200980
The Honorable Derek C. Carlisle, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Diane S. McCoy
*Counsel for Appellant*

Egnacio Edward Gomez,
*Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

¶1            Egnacio Gomez timely appeals his convictions for possession of dangerous drugs and possession of drug paraphernalia in violation of Arizona Revised Statutes ("A.R.S.") sections 13-3407(A)(1), -3415(A).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error.  *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993).  Gomez filed a supplemental brief *in propria persona* that we have considered.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2            B.R. called 911 and left the phone line open without communicating with the operator.  Officers Pelham and Christie went to B.R.'s residence and found Gomez in front of the home and under the influence of alcohol.  The officers attempted a pat down search, but Gomez resisted.  The officers took Gomez to the ground, handcuffed him, and placed him in the back of a police vehicle.

¶3            Gomez sustained a scrape on his shoulder because of the take down, so Officer Pelham decided to photograph him.  When Officer Pelham returned to the vehicle, he found a baggie containing a substance later confirmed as methamphetamine "next to [Gomez] . . . on the seat partially wedged into the seat where the back rest and the seat meet."  Officer Christie testified he went into the back of his police vehicle "quite often" and did not see any baggies before the encounter with Gomez.

¶4            Gomez was charged with possession of a dangerous drug (methamphetamine), a class four felony, and possession of drug

---

[1] We view the facts "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981).

paraphernalia, a class six felony. At the conclusion of the State's case-in-chief, Gomez moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20; the motion was denied. Gomez did not present any witnesses, and the jury convicted him on both counts. After receiving evidence of prior convictions, the superior court sentenced Gomez to concurrent, mitigated prison terms.

## DISCUSSION

**¶5** We have read and considered the briefs submitted by counsel and have reviewed the entire record. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. Gomez was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

**¶6** The trial record includes substantial evidence to support the jury's verdicts. *See Tison*, 129 Ariz. at 552, 633 P.2d at 361 (in reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict"). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

**¶7** For count one, the State was required to prove that Gomez knowingly possessed or used a dangerous drug. A.R.S. § 13-3407(A)(1). "Knowingly" means "a person is aware or believes that the person's conduct is of that nature or that the circumstance[s] exist[]" regarding the offense. A.R.S. § 13-105(10)(b). "Possession" means to "knowingly exercise[ ] dominion or control over property." A.R.S. § 13-105(35).

**¶8** Officers Pelham and Christie testified they found a baggie of methamphetamine near Gomez after placing him in the police vehicle. Officer Christie testified that he frequently went into the back of that vehicle but did not see the baggie before Gomez was placed there. A scientific report, admitted by stipulation, confirmed that the substance in the baggie was methamphetamine.

**¶9**           Although the State's evidence was circumstantial in nature, the probative value of evidence is not reduced because it is circumstantial. *See State v. Murray,* 184 Ariz. 9, 31, 906 P.2d 542, 564 (1995).  "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974).

**¶10**           For count two, the State was required to prove:  (1) Gomez possessed with the intent to use drug paraphernalia to analyze, package, store, contain, conceal, ingest, or inhale methamphetamine; and (2) the item was drug paraphernalia.  A.R.S. § 13-3415(A).  Drug paraphernalia is defined as all equipment, products, and materials of any kind which are used, intended for use, or designed for use in analyzing, packaging, storing, containing, concealing, ingesting, or inhaling an illegal drug. A.R.S. § 13-3415(F)(2).  In addition to the evidence discussed *supra*, Officer Pelham testified the methamphetamine at issue was stored in a baggie. Substantial evidence supports the drug paraphernalia conviction.

**¶11**           In his supplemental brief, Gomez appears to contend that trial testimony stating he was under the influence of alcohol should have been precluded because it was never confirmed via testing.  There was, however, no objection to that testimony.  Indeed, defense counsel argued in closing that Gomez "was intoxicated by alcohol, not methamphetamine."  Admission of this testimony was not fundamental error and was, among other things, relevant to the jury's determination of the voluntariness of Gomez's statements. *See State v. Miller*, 123 Ariz. 491, 494, 600 P.2d 1123, 1126 (App. 1979).

## CONCLUSION

**¶12** We affirm Gomez's convictions and sentences. Counsel's obligations pertaining to Gomez's representation in this appeal have ended. Counsel need do nothing more than inform Gomez of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Gomez shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh