JULIA BEGLEY & others *vs.* BOARD OF APPEAL OF BOSTON & another.

Suffolk. April 6, 7, 1965. — June 30, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Pleading and Practice,* Zoning appeal. *Boston. Constitutional Law,* Equal protection of laws.

The requirement of St. 1924, c. 488, § 19, as amended through St. 1941, c. 373, § 18, that a person appealing to the Superior Court from a zoning decision of the board of appeal of Boston "shall file a [surety] bond . . . for such a sum as shall be fixed by the court, to indemnify and save harmless the person . . . in whose favor the decision was rendered from all damages and costs which he . . . may sustain in case the decision of said board is affirmed," does not constitute an arbitrary and unreasonable classification in that G. L. c. 40A, § 21, permitting appeals to the Superior Court from zoning decisions of boards of appeals of other Massachusetts municipalities does not contain a bond requirement, and did not deny equal protection of the laws in contravention of the Fourteenth Amendment of the Constitution of the United States to an appellant from a decision of the board of appeal of Boston who was required to file a surety bond in the sum of $15,000 and whose appeal was dismissed for failure to do so. WHITTEMORE, J., dissenting.

BILL IN EQUITY filed in the Superior Court on September 13, 1962.

The plaintiffs excepted to an order by *Forte, J.,* and appealed from a final decree entered by him.

*William P. Homans, Jr.,* for the plaintiffs.

*William H. Kerr* for the Board of Appeal of Boston (*Israel Cohen,* for 702 Realty, Inc., with him).

SPIEGEL, J.   Under St. 1924, c. 488, § 19, as amended through St. 1941, c. 373, § 18, the plaintiffs by a bill in equity appealed to the Superior Court from a decision of the board of appeal of Boston.   The plaintiffs filed a motion that the court "establish the amount and terms of such bond as is required to be filed."   The court, after a hearing, ordered that such bond, to be filed "on or before October 13, 1964," be "in the sum of . . . $15,000.00 . . . with sufficient sureties."   The plaintiffs excepted to this order. On October 16, 1964, the court entered a final decree dismissing the plaintiffs' bill on the ground that they "failed to file a bond in the sum of $15,000.00 on or before October 13, 1964."   The plaintiffs appealed from this decree.

Statute 1924, c. 488, § 19, as amended through St. 1941, c. 373, § 18, provides: "Any person aggrieved by a decision of the board of appeal [of Boston] . . . may appeal to the superior court sitting in equity, for the county of Suffolk . . . .   The foregoing remedy shall be exclusive, but the parties shall have all the rights of appeal and exception as in other equity cases.   The person applying for the review shall file a bond with sufficient surety, to be approved by the court, for such a sum as shall be fixed by the court, to indemnify and save harmless the person or persons in whose favor the decision was rendered from all damages and costs which he or they may sustain in case the decision of said board is affirmed."   The plaintiffs contend that the bond requirement imposed upon them under this section violates the equal protection clause of the Fourteenth Amendment since G. L. c. 40A, § 21, as amended through St. 1960, c. 365, permitting appeals to the Superior Court from boards of appeal of cities and towns other than Boston, contains no such provision.

We assume that the plaintiffs have standing to challenge the constitutionality of the bond requirement.   Compare *Bogigian* v. *Commissioner of Corps. & Taxn.* 248 Mass. 545, 547; *Shemeth* v. *Selectmen of Holden,* 317 Mass. 278, 280–281.   The plaintiffs' contention is nevertheless without merit.   "The equal protection clause of the Fourteenth

Amendment does not prevent reasonable classification of subjects of legislation. It also does not preclude legislative action providing treatment of problems in one community, different from the treatment of those problems in another community, in a manner having a reasonable relationship to the objects of the legislation. Different treatment is justified if the conditions in these communities differ sufficiently so as fairly to give rise to the legislative belief that such different treatment is desirable in the public interest, and if the legislation operates equally within each geographical area with respect to persons similarly situated. . . . Boston has frequently been the object of special legislative attention. It has been excluded from the operation of various general laws, and the same subject matter has been covered by special legislative provisions applicable only in Boston, enacted presumably with a view to meeting special conditions there and dealing more appropriately with its special requirements. See, for example, various provisions of the municipal finance act, from the operation of which Boston is excluded, or by which a special provision is made for Boston. G. L. c. 44, §§ 2, 7, 31, 31A, 32. The Legislature may reasonably conclude that the largest city in the Commonwealth, in the heart of a great metropolitan area, may be subject to problems and conditions not found in comparable degree in other communities.'' *Opinion of the Justices,* 341 Mass. 760, 781–783. The Legislature could reasonably determine that, since the population of Boston is far greater than that of any other city or town in Massachusetts, the number of frivolous or vexatious appeals from the board of appeal of Boston would be considerably higher than the number of such appeals from boards of appeal in other cities and towns. The Legislature could therefore conclude that the bond requirement in question would tend to eliminate such appeals to the Superior Court in Suffolk County, and that such a bond requirement would be unnecessary in connection with zoning appeals to the Superior Court elsewhere. In this respect, the statutory distinction between Boston and other cities and towns is not ''purely arbitrary,'' and

does not create an "invidious discrimination." *Morey, Auditor of Pub. Accounts of Ill.* v. *Doud,* 354 U. S. 457, 463. See, generally, *Pioneer Credit Corp.* v. *Commissioner of Banks, ante,* 214, 223–224.

*Decree affirmed.*

WHITTEMORE, J. dissenting. The statute in terms makes it a condition of an appeal in Boston that there be a bond indemnifying the person in whose favor the decision was rendered "from all damages and costs which he . . . may sustain." So far as this imposes a bond for court costs, I agree that it may be sustainable for Boston only by the principle referred to in the opinion. It appears to me in any event, however, arbitrary and unreasonable classification to give a right only to persons in Boston to have substantive damages in the event that an appeal is not found meritorious. The bond is plainly in an amount far beyond any court costs that could be recoverable; it follows, I submit, that it has been ordered under an unconstitutional aspect of the statute.