EMERSON COLLEGE *vs.* CITY OF BOSTON.

Suffolk.  May 7, 1984. — November 15, 1984.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Boston. Statute,* General or special law, Repeal. *Zoning,* Validity, Educational institution. *Constitutional Law,* Home Rule Amendment. *Municipal Corporations,* Home rule.

Statute 1975, c. 808, which enacted G. L. c. 40A as an amended zoning act of general application, did not supersede or repeal by implication St. 1956, c. 665, "An Act authorizing the city of Boston to limit buildings according to their use or construction to specified districts." [306-309]

CIVIL ACTIONS commenced in the Land Court Department on April 21, 1981, and in the Superior Court Department on June 24, 1981.

The cases were heard by *John E. Fenton, Jr.,* J., sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

The case was submitted on briefs.

*Stuart DeBard* for the plaintiff.

*William J. Smith,* Acting Corporation Counsel, for the defendant.

ABRAMS, J. The plaintiff, Emerson College, brought two complaints against the city of Boston, one in the Land Court seeking a declaration that St. 1975, c. 808, supersedes and repeals St. 1956, c. 665, and a second complaint in the Superior Court appealing a denial by the city's building commissioner and the dismissal by the city's board of appeal of the college's application to change the use of the building located at 527-529 Beacon Street from a multi-family residence to a fifty-student dormitory. A judge of the Land Court heard both cases by interdepartmental assignment. See G. L. c. 211B, § 9, inserted by St. 1978, c. 478, § 110. On the basis of stipulations of the

parties and documentary evidence, the judge affirmed the decision of the board of appeal and declared that the Boston Zoning Code was not repealed and thus is the current zoning law in Boston. We allowed the plaintiff's application for direct appellate review and we affirm.

We summarize the facts found by the judge. Emerson College is a four-year degree-granting college that owns 527-529 Beacon Street in Boston. The city's building commissioner denied the college's application to have the city's zoning records for this property changed from apartment to dormitory use because, since this was a conditional use, it violated the Boston Zoning Code. See Boston Zoning Code & Enabling Act, §§ 8-3 & 8-7 (13). The plaintiff then appealed to the board of appeal to seek a conditional use permit. After a hearing, the board of appeal dismissed the plaintiff's appeal, concluding "that the specific site is not an appropriate location for the use, that the proposed use will adversely affect the neighborhood, that this will be a hazard to vehicles and pedestrians, that a nuisance will be created by the proposed use in that adequate and appropriate facilities cannot be provided on this locus for the proper operation of the intended use." The plaintiff also seeks a declaration that c. 808 of the Acts of 1975, as amended (the 1975 zoning act), the current G. L. c. 40A, repeals by implication the Boston Zoning Code and Enabling Act, St. 1956, c. 665 (the Boston Zoning Code).

The crux of the plaintiff's argument is that the Boston Zoning Code, which was authorized by St. 1956, c. 665, was repealed by St. 1975, c. 808, an amended zoning act for all cities and towns in the Commonwealth, enacted by the Legislature, and which the plaintiff contends impliedly repealed Boston's special zoning type statute. See St. 1956, c. 665. If St. 1956, c. 665, has been impliedly repealed, then the language in G. L. c. 40A, prohibiting cities and towns from regulating the use of land owned by nonprofit educational institutions, would apply to Boston,[1] a result which the plaintiff seeks.

---

[1] General Laws c. 40A, § 3, as amended through St. 1982, c. 40, provides that "[n]o zoning ordinance or by-law shall . . . regulate or restrict the use of land or structures . . . for educational purposes on land owned or leased

In its argument, the plaintiff asserts that because the city of Boston was explicitly excluded from the operation of the previous general zoning act, G. L. c. 40A, as amended through St. 1959, c. 607, § 1, but not by St. 1975, c. 808, no such exclusion was intended in the amended version. The plaintiff states that the policy underlying the 1975 zoning act, i.e., the "modernization of zoning ordinances," and the provision of "standardized procedures for the administration and promulgation of municipal zoning laws," reveals the Legislature's intention that the 1975 zoning act apply to Boston. St. 1975, c. 808, § 2A. Further, the plaintiff argues that references to "each respective city or town" and "all zoning ordinances and by-laws" in St. 1975, c. 808, § 7,[2] indicate that the Legislature intended the 1975 zoning act to apply to all cities and towns, including Boston. The plaintiff asks us to hold that the Legislature, by failing to include explicit words of exclusion, intended to repeal Boston's special zoning status, a status which has been in effect since 1924. See St. 1924, c. 488; St. 1933, c. 269; St. 1975, c. 808. We decline to do so.

---

. . . by a nonprofit educational corporation." The Boston Zoning Code does not contain such a provision. Regulation of educational institutions was similarly restricted under the previous c. 40A. In *McNeely* v. *Board of Appeal of Boston,* 358 Mass. 94, 107 (1970), we held that "the omission of the proviso from the Boston zoning enabling act is not an invidious discrimination against educational institutions within the city but rather is a delegation of reasonable control of all land use to the authorities of the capital city where the concentration of the population is most dense, where land use is most intense, and where educational, religious and other institutional use of land is and historically has been greatest."

[2] Section 7 of St. 1975, c. 808, as amended by St. 1977, c. 829, § 4, provides: "This act shall take effect on January first, nineteen hundred and seventy-six as to zoning ordinances and by-laws and amendments, other than zoning map amendments, adopted after said date. Zoning ordinances and by-laws in effect on said date shall continue to be governed by the provisions of chapter forty A of the General Laws in effect prior to said date until this act is accepted by each respective city or town, provided that no later than June thirtieth, nineteen hundred and seventy-eight all zoning ordinances and by-laws shall be brought into conformity with the provisions of this chapter and shall be governed hereby, and thereafter no provisions of chapter forty A in effect prior to January first, nineteen hundred and seventy-six shall govern zoning ordinances and by-laws."

Boston has had unique zoning regulations for a long time, due to the city's concentrated population and intense land use by religious, educational, business, and government entities. See *McNeely* v. *Board of Appeal of Boston,* 358 Mass. 94, 107 (1970); *Begley* v. *Board of Appeal of Boston,* 349 Mass. 458, 460 (1965); *Opinion of the Justices,* 341 Mass. 760, 782 (1960). As noted by the judge, the current Boston Zoning Code and the previous c. 40A coexisted without causing disruption from 1956 to 1975, and there is no reason to assume that the 1975 zoning act and the Boston Zoning Code would conflict, particularly in light of the fact that they have been coexisting without problems since 1976.[3]

Repeals of statutes by implication "have never been favored by our law. Unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, then the former is not deemed to have been repealed." *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 352 (1939), and cases cited. "It was said in *Brown* v. *Lowell,* 8 Met. 172, 174 [1844], that strong terms are required to show a legislative intent to supersede by a general act a special act which 'may be made in regard to a place, growing out of its peculiar wants, condition, and circumstances.'" *Haffner* v. *Director of Pub. Safety of Lawrence,* 329 Mass. 709, 714 (1953). See *Colt* v. *Fradkin,* 361 Mass. 447, 449-450 (1972); *Gregoire, petitioner,* 355 Mass. 399, 400 (1969); *Shelist* v. *Boston Redevelopment Auth.,* 350 Mass. 530, 533 (1966); *Hartnett Beverage Co.* v. *Alcoholic Beverages Control Comm'n,* 350 Mass. 619, 622 (1966). Furthermore, local regulations are presumed valid unless a sharp conflict exists between the local and the State regulation. *School Comm. of Boston* v. *Boston,* 383 Mass. 693, 701 (1981).

We turn to the language of the statute. The preamble to St. 1975, c. 808, § 2A, as amended by St. 1977, c. 829, § 4, states that "[t]his act is designed to provide standardized procedures for the administration and promulgation of municipal

---

[3] For some of the differences between the Boston Zoning Code and the 1975 zoning act, compare St. 1956, c. 665, §§ 1, 2, with G. L. c. 40A, § 5; St. 1956, c. 665, § 11, as amended by St. 1974, c. 669, § 1, with G. L. c. 40A, § 17; and St. 1956, c. 665, § 9, with G. L. c. 40A, § 10.

zoning laws." The judge found that this language is not sufficiently expressive of a clear legislative intent to repeal the Boston Zoning Code. The Legislature's failure expressly to exclude Boston from the application of the 1975 zoning act, although it had done so in the previous zoning act, also is not determinative. Silence by the Legislature is not sufficient evidence to repeal a zoning code which has been in effect for sixty years and which was concerned with the unique problems of a large and congested capital city. See *Colt* v. *Fradkin,* 361 Mass. 447, 449-450 (1972).

The 1975 act also provides: "Zoning ordinances and by-laws in effect on [the date the new law takes effect] *shall continue to be governed by the* provisions of chapter forty A of the General Laws in effect prior to said date until this act is accepted . . ." (emphasis supplied). St. 1977, c. 829, § 4. Because zoning in Boston was never governed by the prior c. 40A, it could not continue to be so governed. We agree with the judge's conclusion that "[t]he implication of the aforesaid transitional sentence is that Boston was not intended to be governed by the 'new' Chapter 40A since, in Boston, if construed otherwise, the transition would not be covered."[4] Additional evidence of the Legislature's intent not to include Boston in the general scheme is revealed by the use of the words "[z]oning *ordinances* and by-laws" (emphasis supplied) in the 1975 zoning act. In Boston, zoning requirements are "regulations," not "ordinances and by-laws." St. 1975, c. 808, § 7, as amended by St. 1977, c. 829, § 4.

The plaintiff next argues that the 1975 zoning act would violate art. 89 of the Amendments to the Constitution of the

[4] We noted in *Banquer Realty Co.* v. *Acting Bldg. Comm'r of Boston,* 389 Mass. 565, 571 n.6 (1983), preliminary drafts of the 1975 zoning act expressly excluded Boston. See, e.g., 1975 House Doc. No. 5600, § 3. There is no legislative history as to why this exclusion did not appear in c. 808 as enacted. The plaintiff's argument that failure to exclude Boston indicates that the Legislature intended the 1975 zoning act to apply to Boston is not persuasive. *Irwin* v. *Ware,* 392 Mass. 745, 773 (1984), and cases cited. Because § 9 of the Home Rule Amendment, see note 6, *infra,* leaves special laws intact, the mere failure to exclude Boston from the operation of the 1975 zoning act does not indicate legislative intent to repeal the Boston Zoning Code.

Commonwealth (the Home Rule Amendment) if it did not apply to Boston because § 8 of the Home Rule Amendment mandates that the Legislature not pass general laws that apply to only one city or town.[5] If the 1975 zoning act does not apply to Boston, the plaintiff asserts, then the legislation would illegally establish sub silentio a class of one city. See *Mayor of Boston* v. *Treasurer & Receiver Gen.,* 384 Mass. 718, 723 (1981); *Belin* v. *Secretary of the Commonwealth,* 362 Mass. 530, 533-535 (1972). We do not agree.

The plaintiff's argument turns on its head the purpose of the Home Rule Amendment: "to reaffirm the customary and traditional liberties of the people with respect to the conduct of their local government, and to grant and confirm to the people of every city and town the right of self-government in local matters . . . ." Art. 89, § 1. Section 9 of the Home Rule Amendment mandates that existing special laws relating to cities and towns shall have the status of city or town charters and requires either a home rule petition or a law of general applicability in conformity with the requirements of § 8, note 5, *supra,* to amend or repeal such special laws.[6] A ruling that the

[5] Section 8 of the Home Rule Amendment provides in pertinent part: "The general court shall have the power to act in relation to cities and towns, but only by general laws which apply alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two, and by special laws enacted (1) on petition filed or approved by the voters of a city or town, or the mayor and city council, or other legislative body, of a city, or the town meeting of a town, with respect to a law relating to that city or town; (2) by a two-thirds vote of each branch of the general court following a recommendation by the governor; (3) to erect and constitute metropolitan or regional entities, embracing any two or more cities or towns, or established with other than existing city or town boundaries, for any general or special public purpose or purposes, and to grant to these entities such powers, privileges and immunities as the general court shall deem necessary or expedient for the regulation and government thereof; or (4) solely for the incorporation or dissolution of cities or towns as corporate entities, alteration of city or town boundaries, and merger or consolidation of cities and towns, or any of these matters."

[6] Section 9 of the Home Rule Amendment provides: "All special laws relating to individual cities or towns shall remain in effect and have the force of an existing city or town charter, but shall be subject to amendment or repeal through the adoption, revision or amendment of a charter by a city or town in accordance with the provisions of sections three and four and

1975 zoning act does not impliedly repeal the Boston Zoning Code leaves intact Boston's sixty-year-old independent zoning powers and imposes no new obligations on the city. Such a conclusion is consistent with the Home Rule Amendment. Cf. *Belin* v. *Secretary of the Commonwealth, supra* at 534 (holding unconstitutional under Home Rule Amendment act that was "directly and solely concerned with altering a crucial feature of [Cambridge] municipal government"). Again, in *Mayor of Boston* v. *Treasurer & Receiver Gen.,* 384 Mass. 718, 723 (1981), we held an act was violative of the Amendment because the act imposed unique burdens on the city of Boston.

We conclude that St. 1956, c. 665, has not been impliedly repealed and that such a conclusion is consistent with the letter and the spirit of the Home Rule Amendment. The declaration by the judge that the Boston Zoning Code was not repealed by the 1975 zoning act, and his ruling that there was no error in the dismissal by the city's board of appeal of the plaintiff's application on appeal to change the use of the Beacon Street building, are affirmed.

*Judgments affirmed.*

shall be subject to amendment or repeal by laws enacted by the general court in conformity with the powers reserved to the general court by section eight."