LOUISE B. HAYDEN & others[1] *vs.* TOWN OF WEST SPRINGFIELD. April 11, 1986. *West Springfield. Statute,* Special law, General law, Supersedure. *Municipal Corporations,* Charter, Water commissioners, Selectmen.

This case was submitted to the Superior Court upon a statement of agreed facts and treated as a case stated.

Prior to 1920, the town of West Springfield (town) accepted the provisions of a special act of the Legislature, St. 1893, c. 206, § 10, establishing a board of water commissioners in the town and providing, among other things, for their election. In 1920 the Legislature enacted G. L. c. 41, § 21.[2] Under § 21, a town is authorized to have its selectmen act as water commissioners. In 1984, the town pursuant to § 21 voted at a special town meeting to have its selectmen act as water commissioners. The plaintiffs, who include persons who were water commissioners, contend that the special act, St. 1893, c. 206, prevails over the general act, G. L. c. 41, § 21,

---

[1] The other fifteen plaintiffs are taxable inhabitants of the defendant town. See G. L. c. 40, § 53.

[2] The history of this statute is set forth in *Dziembowski* v. *Stochaj,* 285 Mass. 413, 418 (1934).

and that the 1984 vote of the town to have its selectmen act as water commissioners was consequently invalid. The town, the plaintiffs say, must revoke its acceptance of the special statute, St. 1893, c. 206, before it may avail itself of G. L. c. 41, § 21. The plaintiffs sought declaratory and injunctive relief to that effect. A Superior Court judge ruled in favor of the town. There was no error.

The issue before the Superior Court and before this court is whether the subsequently enacted § 21 superseded the provisions of the 1893 special act dealing with the same subject matter. General Laws c. 41, § 21, does not refer explicitly to St. 1893, c. 206. Section 21 also does not contain specific language or strong terms from which a legislative intent to repeal any prior existing act may be inferred. See *Haffner* v. *Director of Pub. Safety of Lawrence,* 329 Mass. 709, 714 (1953); *Boston Teachers Local 66* v. *School Comm. of Boston,* 370 Mass. 455, 471-472 (1976). See also *Emerson College* v. *Boston,* 393 Mass. 303, 307 (1984) (silence by the Legislature is not sufficient evidence to indicate an intent to repeal). There is in G. L. c. 41, §§ 21, 22 and 23, all of which have a common origin in St. 1920, c. 591, a general purpose to enable towns to consolidate various municipal duties in their selectmen. Other sections of G. L. c. 41, however, do speak directly to the application of their provisions in the face of prior existing special acts.[3] The town argues, nevertheless, that legislative intent to repeal St. 1893, c. 206, by G. L. c. 41, § 21, may be inferred.

Statute 1893, c. 206, is a special law relating only to the town of West Springfield.[4] As such it has "the force of an existing . . . town charter." *Harrington* v. *Selectmen of Tisbury,* 369 Mass. 652, 654 (1976). Since the enactment of St. 1893, c. 206, the town has not sought to revoke its acceptance thereof pursuant to G. L. c. 4, § 4A,[5] nor has it sought the repeal of that provision pursuant to the Home Rule Amendment (art. 89 of the Amendments to the Constitution of the Commonwealth).[6]

The plaintiffs argue that "absent a clear legislative intent to the contrary the provisions of a special charter generally prevail over conflicting provisions of a subsequently enacted general law." *School Comm. of Boston* v. *Boston,* 383 Mass. 693, 700 (1981). Only in the absence, however, of

---

[3] See, for example, G. L. c. 41, § 69B, as amended by St. 1965, c. 99, which contains language indicating that its provisions will apply upon the town's acceptance of the section, "notwithstanding any contrary provision" of any special law.

[4] See *Opinion of the Justices,* 357 Mass. 831, 833 (1970), for a recent reference to St. 1893, c. 206.

[5] General Laws c. 4, § 4A, sets forth the general procedures by which the acceptance of special acts may be revoked.

[6] Under § 2 of the Home Rule Amendment cities and towns were given the power to adapt, revise, or amend a charter by following the procedures described in §§ 3 and 4. See G. L. c. 43B, §§ 1-19. *Medeiros* v. *Election Commrs. of Fall River,* 367 Mass. 286, 290 (1975)

irreconcilable conflict does the special statute stand as an exception to the general law. *North Shore Vocational Regional Sch. Dist.* v. *Salem,* 393 Mass. 354, 359 (1984). The test is "whether the prior statute . . . is so repugnant to and inconsistent with a later enactment covering the same subject that both cannot stand." *Golden* v. *Selectmen of Falmouth,* 358 Mass. 519, 524 (1970). *North Shore Vocational Regional Sch. Dist.* v. *Salem,* 393 Mass. at 358. When the Legislature has dealt in a comprehensive way with an entire subject, the previous conflicting provisions of the law are not continued in force. See *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279, 282 (1920). *Del Duca* v. *Town Administrator of Methuen,* 368 Mass. 1, 11 (1975). Legislative preemption may be inferred if the Legislature explicitly limits the manner by which cities and towns may act on a given subject. See *Bloom* v. *Worcester,* 363 Mass. 136, 155 (1973).

Section 10 of St. 1893, c. 206, provides for the election by ballot of three persons to constitute the board of water commissioners and vests in that board the authority to maintain a water supply system. General Laws c. 41, § 21, authorizes the selectmen to act as or appoint water commissioners and the officers of the town water and sewer board as well as various other municipal boards and commissioners. In relevant part that section, as appearing in St. 1934, c. 155, § 2, provides, "Upon the election and qualification of the selectmen . . . herein authorized to perform the duties of any existing town board or officer, the term of office of such existing board or officer *shall* thereupon terminate, and all the duties, powers, and obligations of said boards and officers shall be transferred to and imposed upon their successors" (emphasis supplied). Section § 21 does not merely permit the termination of the offices of the members of prior existing boards or commissions, but requires it. We think that it makes no difference whether those boards and commissions had been authorized by town by-law, charter or special act, as the general law provides for the termination of the offices of all prior existing boards and commissions, without exception, upon the election of the successor selectmen. We are of opinion that St. 1893, c. 206, § 10, does not authorize the continued existence of the prior existing water commission in the face of the town's acceptance of G. L. c. 41, § 21.

It remains to consider whether the existence of the special act affects the manner in which the town may accept the general law. We think not. The general reasoning of *Medeiros* v. *Election Commrs. of Fall River,* 367 Mass. 286, 290-291 (1975), is instructive on this point. The court in *Medeiros* held that the existence of a special act affecting a city did not preclude inhabitants of the city from altering the term of their mayor through the use of mechanisms contained in a general law. So here the existence of the special act did not limit the town's acceptance of the provisions of the general law, G. L. c. 41, § 21.

For the above stated reasons, we conclude that it was unnecessary for the town to revoke its acceptance of St. 1893, 206, § 10, prior to holding

a town meeting vote under G. L. c. 41, § 21. We intend no intimation as to any of the other provisions of c. 206.

*Judgment affirmed.*

*Robert L. Dambrov* for the plaintiffs.
*James T. Donahue,* Town Counsel, for the town of West Springfield.