POLICE DEPARTMENT OF BOSTON *vs.* JOHN FEDORCHUK
& another.[1]

No. 98-P-589.

Suffolk. November 18, 1999. - February 9, 2000.

Present: PORADA, KAPLAN, & GILLERMAN, JJ.

*Administrative Law,* Judicial review, Failure to raise issue before agency.
  *Boston. Police,* Assignment of duties. *Police Officer. Municipal Corpora-
  tions,* Police. *Civil Service,* Reassignment of personnel. *Statute,* General
  law, Special law, Construction. *Words,* "Just cause."

This court concluded that there is no irreconcilable conflict between G. L. c. 7,
  § 4H, and special statutes, St. 1962, c. 322, § 1(10), (11), and St. 1950,
  c. 735, § 2, and that G. L. c. 7, § 4H, applies to the city of Boston.
  [546-547]
The term "just cause" appearing in G. L. c. 7, § 4H, which provides certain
  police detectives with the protection of a hearing in the case of a transfer
  by the police commissioner, is to be construed in the same manner as that
  term has been construed in a similar context, namely, the civil service law,
  G. L. c. 31, § 41. [547-549]
The Division of Administrative Law Appeals correctly ruled that the Boston
  police department had failed to establish "just cause" under G. L. c. 7,
  § 4H, for the transfer of a lieutenant detective to the rank of lieutenant,
  with a reduction in remuneration. [549-550]

CIVIL ACTION commenced in the Superior Court Department on
April 15, 1997.

The case was heard by *Charles M. Grabau,* J., on a motion
for judgment on the pleadings.

*John Foskett* for the plaintiff.

*Christopher J. Muse* for John Fedorchuk.

PORADA, J. The principal issue in this case is the determina-
tion of the meaning to be ascribed to the "just cause" standard

---

[1]Division of Administrative Law Appeals. The Division of Administrative
Law Appeals did not submit a brief in this appeal but requested that it remain
as a nominal party.

of review employed by an administrative magistrate of the Division of Administrative Law Appeals (DALA) in reviewing a transfer of a Boston police officer from the rank of detective under the provisions of G. L. c. 7, § 4H.[2] The DALA ruled in this case that under any definition of "just cause" the Boston police department (department) had failed to establish "just cause" for the transfer of John Fedorchuk from the rank of lieutenant detective to lieutenant under § 4H. On appeal to the Superior Court, a Superior Court judge determined that the "just cause" standard of review set forth in § 4H was the equivalent of the "just cause" standard of review employed under the civil service law embodied in G. L. c. 31, § 41, and that whether this definition applied in this case was immaterial, because the department had failed to show reasonable grounds to support Fedorchuk's transfer. From the judgment in the Superior Court affirming the decision of the DALA, the department appeals on the grounds that § 4H does not apply to the city of Boston and that even if it does, the meaning to be ascribed to the "just cause" standard of review is the equivalent of the "good faith" judgment rule used in terminating employees in the private sector, or in reviewing the abolition of positions under the civil service statutes, rather than the "just cause" standard used in reviewing the transfer or lowering in rank of civil service employees. We affirm.

We set forth the undisputed facts of the case. John Fedorchuk began working for the department in 1970. He was promoted to the rank of sergeant and then lieutenant. In 1992, he was promoted to the rank of lieutenant detective. From March, 1994, until August, 1995, when he was injured in the line of duty, he served as the night commander of the Area B-3 police station. Shortly before October 22, 1996, when Fedorchuk was scheduled to return to work as a lieutenant detective, the captain of the Area B-3 police station informed the police commissioner that the sergeant detective who had replaced Fedorchuk was doing a fine job and stated that, in his opinion, the status

---

[2]General Laws c. 7, § 4H, as amended by St. 1989, c. 192, provides in pertinent part as follows: "Detectives, in a city which employs more than three hundred and fifty police officers and where the detectives employed in the police department of said city are entitled to a hearing, other than one provided under chapter thirty-one, concerning their transfer from the rank of detective, shall be entitled to a hearing before an administrative magistrate of the division of administrative law appeals, to determine whether said transfer is for just cause."

quo should be maintained. He further informed the commissioner that the department needed a lieutenant to serve as day duty supervisor of the Area B-3 police station. On October 22, 1996, Fedorchuk received a note from the commissioner stating that he had been transferred to his former position as lieutenant and assigned to work as the day duty supervisor for the Area B-3 police station. This reassignment was made, according to the commissioner, solely "for the benefit of the Department." As a result of this transfer, Fedorchuk lost his rank as lieutenant detective, was required to wear a uniform, and received a reduction in salary. Fedorchuk appealed his transfer under G. L. c. 7, § 4H, to the DALA, which concluded that the department did not have "just cause" to make the transfer and that Fedorchuk should be restored to his lieutenant detective rank without loss of compensation. The department then sought review of the DALA's decision under G. L. c. 30A, § 14, in the Superior Court. On the department's motion for judgment on the pleadings, a Superior Court judge affirmed the DALA decision.

We now address the issues.

1. *Applicability of G. L. c. 7, § 4H, to the department.* The department argues that § 4H does not apply to the Boston police department because there is no indication that the Legislature intended to repeal, supersede, or amend the special acts of the Legislature which bestow upon the police commissioner the authority to make personnel and managerial decisions, St. 1962, c. 322, § 1(10), (11),[3] and which govern the detective bureau of the department, St. 1950, c. 735.[4] At the outset, based on the record before us, it appears that this argument is being raised

[3]Statute 1962, c. 322, § 1(10), provides, in pertinent part, as follows: "The police commissioner shall have authority to appoint, establish and organize the police of said city, and shall appoint from said police, and as a part thereof, a superintendent of police . . . . The police commissioner shall appoint from said police and as a part thereof such number of deputy superintendents, captains and other officers as he may from time to time deem proper."

Statute 1962, c. 322, § 1(11), provides, in pertinent part, as follows: "The police commissioner shall have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of the department and shall make all needful rules and regulations for the efficiency of said police . . . ."

[4]Statute 1950, c. 735, § 2, provides, in pertinent part, as follows: "A member [of the Boston police department] hereafter transferred to said [detective] bureau . . . may be transferred from said bureau to the rank held by him immediately prior to the date of his transfer to the detective bureau by order

for the first time on appeal.[5] As a general rule, a party may not raise on appeal a matter which he could have raised before the administrative agency or in the court below. *Albert* v. *Municipal Ct. of the City of Boston*, 388 Mass. 491, 493-494 (1983). However, this general rule will not be invoked where justice will be served by a consideration of the claim and the other party is not prejudiced by consideration of the issue. *M. H. Gordon & Son, Inc.* v. *Alcoholic Bevs. Control Commn.*, 386 Mass. 64, 67-68 (1982). *Albert* v. *Municipal Ct. of the City of Boston*, 388 Mass. at 494. *McLeod's Case*, 389 Mass. 431, 434 (1983). Because both parties have briefed and argued the issue and a just result is dependent on a determination of the applicability of the statute to the circumstances of this case, we shall address the applicability of G. L. c. 7, § 4H, to the department.

The department argues that the provisions of G. L. c. 7, § 4H, at issue, conflict with the unfettered authority of the commissioner to make personnel and managerial decisions set forth in special acts of the Legislature, St. 1962, c. 322, § 1(10), (11), and that if the Legislature intended to curtail that authority it would have used language to clearly accomplish that result, i.e., "notwithstanding any general or special law to the contrary." See, e.g., G. L. c. 74, § 2B ("Notwithstanding any general or special law to the contrary, a city or town may provide for the construction of one and two family dwellings for persons of low income . . ."); G. L. c. 19D, § 17 ("Notwithstanding any general or special law to the contrary, there shall be established an assisted living advisory council . . ."); G. L. c. 41, § 108N ("Notwithstanding the provision of any general or special law to the contrary, any city or town . . . may establish an employment contract . . ."). Absent such language, the department

of the commissioner . . . but he shall have a right of appeal to the trial board . . . which shall have the power to hear and determine such appeal and the provisions of said chapter thirty-one [civil service law] shall in no way be applicable to said hearing and determination made thereunder. The decision of such trial board shall be final."

[5]The department readily acknowledged, in its memorandum in support of its motion for judgment on the pleadings, that the commissioner's decision to transfer a police officer from the rank of detective must be reviewed under the "just cause" standard of G. L. c. 7, § 4H, and admitted that Fedorchuk met all of the requirements of § 4H, namely: (1) the detective served in a city which employs more than 350 police officers; (2) the detective was entitled to a hearing on his transfer from the rank of detective; and (3) the hearing must be one which is not provided by the civil service law.

argues, the Legislature did not indicate any intent to restrict the commissioner's powers under the special acts and, thus, the special acts must prevail over the subsequently enacted general law. *Emerson College* v. *Boston*, 393 Mass. 303, 306 (1984). This is so, however, only if the general statute, G. L. c. 7, § 4H, and the special statutes, St. 1962, c. 322, § 1(10), (11); St. 1950, c. 735, § 2, cannot be reconciled.

Here, we conclude that the general and special statutes are not in conflict and can be reconciled. While the department is correct that the special acts grant to the commissioner broad power to make personnel decisions and to manage the department, that power is not untrammeled. Even prior to the amendment to G. L. c. 7, § 4H, adding the paragraph at issue here, the commissioner's transfer of a detective was subject to review by a trial board whose decision was final. St. 1950, c. 735, § 2. *Murphy* v. *Police Commr. of Boston*, 369 Mass. 469, 470-471 (1976). This special statute, however, did not specify the standard of review to be employed by the trial board. Section 4H fills that gap by specifying that, in cities which employ more than 350 police officers, the transfer of a detective by the commissioner to another position shall be subject to review under a "just cause" standard and that such review shall be conducted by the DALA in place of the trial board. There is, thus, nothing so inconsistent or repugnant in § 4H and the special acts governing the department, St. 1962, c. 322, § 1(10), (11), and St. 1950, c. 735, § 2, to preclude their separate existence as part of an harmonious statutory scheme. See *Lukes* v. *Election Commrs. of Worcester*, 423 Mass. 826, 829 (1996) ("[o]ur goal in interpreting two or more statutes relating to the same subject matter is to construe them so as to constitute an harmonious whole, consistent with the legislative purpose"); *Hayden* v. *West Springfield*, 22 Mass. App. Ct. 902, 904 (1986) (a special statute stands as an exception to a general law unless "the prior statute . . . is so repugnant to and inconsistent with a later enactment covering the same subject that both cannot stand"). There is no irreconcilable conflict here and, thus, § 4H applies to the city of Boston.

2. *The meaning of "just cause."* The department argues that the "just cause" standard applied under the civil service statute, G. L. c. 31, § 41, is inapplicable to the DALA's review of the commissioner's decision to transfer a detective to another position under G. L. c. 7, § 4H, because St. 1950, c. 735, § 2,

specifically provides that "the provisions of said chapter thirty-one shall in no way be applicable to said hearing and determination [of the review of the transfer from detective to another position by the commissioner] made thereunder." However, the department's argument overlooks the fact that the Legislature did not include this language in G. L. c. 7, § 4H, when it amended the statute to replace the trial board with the DALA. Neither did the Legislature define the words "just cause" in specifying the DALA's standard of review. We, thus, resort to the principles of statutory construction to define what is meant by "just cause."

"When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose." *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). "We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Ibid.* The department argues that the most appropriate source for a definition of "just cause" should be the meaning ascribed to those words in private employment cases involving managerial personnel, i.e., "grounds . . . reasonably related, in the employer's honest judgment, to the needs of his business." *Goldhor* v. *Hampshire College*, 25 Mass. App. Ct. 716, 723 (1988). However, this is not a private employment case but a public employment case. In addition, the interpretation to be given "just cause" should be consistent with the statutory purpose.

On its face, the purpose of § 4H is to provide detectives who are not entitled to a hearing under G. L. c. 31, the civil service law, and who are employed in cities which employ more than 350 police officers, with the protection of a hearing to determine if their transfer by the commissioner was for "just cause." The most obvious sources for an accepted meaning of these words are other legal contexts where similar rights are afforded to other public employees, namely the civil service law. Under G. L. c. 31, § 41, "[e]xcept for just cause . . . , a tenured employee shall not be . . . transferred from his position . . . , [or] lowered in rank . . . ." While the words "just cause" have not been defined in G. L. c. 31, their meaning has been judicially crafted based on the circumstances presented. In disciplinary matters, we have held that "just cause" under § 41 means "substantial misconduct which adversely affects the

public interest by impairing the efficiency of the public service." *Murray* v. *Second Dist. Ct. of E. Middlesex*, 389 Mass. 508, 514 (1983). *Police Commr. of Boston* v. *Civil Serv. Commn.*, 39 Mass. App. Ct. 594, 599 (1996). In cases involving the abolition of positions, layoffs, and even a demotion, we have equated "just cause" under § 41 with lack of funds, lack of work, or any other reason based on economic necessity advanced in good faith. *Debnam* v. *Belmont*, 388 Mass. 632, 634 (1983). *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Commn.*, 23 Mass. App. Ct. 410, 413 (1987). *Gardner* v. *Bisbee*, 34 Mass. App. Ct. 721, 722-723 (1993).

We see no reason why those definitions of "just cause" under § 41 should not apply as well under G. L. c. 7, § 4H. Not only are both statutes designed to protect public employees from transfers to a lower rank, but the use of identical language in these statutes dictates that this language should be given a uniform interpretation. *Webster* v. *Board of Appeals of Reading*, 349 Mass. 17, 19 (1965). See *Steege* v. *Board of Appeals of Stow*, 26 Mass. App. Ct. 970, 971-972 (1988) (term "agriculture" appearing in different statutes must be given the same use and definition). We also conclude that the definition of "just cause" in § 4H embraces both judicially crafted definitions of "just cause," based on either performance or economic necessity. There may well be circumstances in which the transfer from the rank of detective may be warranted based on economic necessity such as lack of funding or lack of work rather than job performance. Thus, we do not believe its meaning should be restricted to one definition to the exclusion of the other. Cf. *Gardner* v. *Bisbee*, 34 Mass. App. Ct. at 722-723 (lowering in rank under G. L. c. 31, § 41, might be justified by lack of funds for the position).

In this case, regardless of whether one employs a "just cause" definition under the civil service statute based on performance or economic necessity, on the evidence presented, the DALA was correct in concluding that the department failed to demonstrate that it had "just cause" to transfer Fedorchuk from lieutenant detective to lieutenant, thus lowering him in rank and pay. There was no evidence presented of malfeasance or misfeasance by Fedorchuk and the only evidence of alleged economic necessity presented was the commissioner's testimony that the captain of the Area B-3 police station desired to maintain the status quo and that there was an opening in the

Area B-3 police station for a lieutenant to work as day duty supervisor. Contrary to the department's assertion, this evidence does not rise to the judicially crafted level of economic necessity of "just cause" under G. L. c. 31, § 41. Contrast *Debnam* v. *Belmont*, 388 Mass. at 634; *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Commn.*, 23 Mass. App. Ct. at 413.

The judgment of the Superior Court is affirmed.

*So ordered.*